

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

September 1, 1965

Honorable J. N. Nutt
Commissioner of Insurance
State Board of Insurance
Austin, Texas

No. C-498

Re: Interpretation of
H.B. 592, 59th Leg.,
as to the scope of
the term "non-
profit corporation"
as used therein.

Dear Mr. Nutt:

We have your request for our opinion concerning
the construction of H.B. 592, Acts 1955, 59th Leg.,
Ch. 695, p. 1625. Your question arises from Section 1
of H.B. 592 which amends Section 1a of Article 8309,
V.C.S., to read as follows:

"Section 1a. Every executive officer
elected or appointed and empowered in accor-
dance with the charter and bylaws of a corpora-
tion which is a subscriber to this law, other
than a charitable, religious, educational or
other non-profit corporation, shall be an
employee of such corporation under this law.
Any such executive officer of a charitable,
religious, educational or other non-profit
corporation which is a subscriber to this
law, other than any such educational corpora-
tion specified in Articles 8309b or 8309d, may,
notwithstanding any other provision of this
law, be brought within the coverage of its
insurance contract by any such corporation by
specifically including such executive officer
in such contract of insurance and the election
to bring such executive officer within the
coverage of insurance is in effect, and during
such period such executive officers thus
brought within the coverage of the insurance
contract shall be employees of such corpora-
tion under this law. Under no circumstance
shall any executive officer of any corporation
be counted in determining whether or not the

employer has three or more employees so as to be subject to the provisions of the Workmen's Compensation Law as specified in Section 2, Part 1, of this Act."  (Emphasis added)

You state your problems as follows:

"We respectfully request your opinion as to the scope of the term 'non-profit corporation' in the context of this statute.

"The 'Texas Non-Profit Corporation Act,' Chapter Nine, Title 32, V.A.T.S., includes language under Article 1396-1.02, 'Definitions,' Sec. A.(3), as follows:

'"Non-Profit Corporation" is the equivalent of "not for profit corporation" and means a corporation no part of the income of which is distributable to its members, directors, or officers.'

"Certain corporations are specifically excluded from the provisions and application of this Non-Profit Corporation Act under Sec. B(3) and (4), Article 1396-2.01.  These exclusions specifically name Mutual Loan Corporations, Co-operative Corporations, Telephone Co-operative Corporations, banks, insurance companies and others.  Conversely, the 'Co-operative Marketing Act Corporations' are subject to Title 93, V.A.T.S., Article 4738, the 'Co-operative Marketing Act.'  Article 5738 contains the following definition:

'Associations organized hereunder shall be deemed non-profit, inasmuch as they are organized not to make profits for themselves as such, or for their members, as such, but only for their members as producers.'

"Other provisions of Title 93 seem to embrace a considerable number of various types of co-operative corporations handling agricultural products and related machinery,

supplies, financing, etc. There are perhaps some similar appearing conflicts in other sections of our laws which would pose this problem of interpretation for us.

"Is the term 'non-profit corporation' as used in H.B. 592 limited to those non-profit corporations which are organized for charitable, religious, or educational purposes? Or does the definition of the 'Non-Profit Corporation Act' apply? If so, how is it applied to a corporation which is also subject to a specific statute such as the 'Co-operative Marketing Act'? What is the status of a school which is incorporated and run for profit?"

In our opinion the answer to your first question is "no." Every word of a statute is presumed to have been used for a purpose, and a cardinal rule of statutory construction requires that each sentence, clause, phrase and word be given effect if reasonably possible. Eddins-Walcher Butane Comapny v. Calvert, 156 Tex. 587, 298 S.W.2d 93; 53 Tex.Jur.2d 229, Sec. 159. It is clear that the Legislature did not intend to limit the term "other non-profit corporations" to those having a charitable, religious or educational purpose for the simple reason that there would have been no point in adding the "other non-profit corporation" provision.

This gives rise to the next question: What non-profit corporations, other than charitable, religious and educational institutions, are to be embraced within the term "other non-profit corporations"? To state your second question in a little different way: Are we to include in such category only those corporations embraced in the definition of non-profit corporations contained in the Non-Profit Corporation Act, or did the Legislature mean to also include any and all corporations designated as non-profit by statute?

We believe that the broad language used by the Legislature in H.B. 592 evidences an intent to include all corporations designated as "non-profit" by statute.

Therefore, in answer to your second question, it is our opinion that the term "non-profit corporation" as used in H.B. 592 is not to be limited to the definition of that term as found in the Non-Profit Corporation Act, but rather is to include all non-profit corporations so designated by the legislature.

The answer to your third question is implicit in the answer to your second question.

In answer to your fourth question, a school which is incorporated for profit is, in our opinion, on the same footing as any other corporation organized for profit. The language "educational or other non-profit corporation" clearly indicates that the legislature was speaking only of educational corporations of a non-profit character. Business and professional schools, such as beauty and barber colleges and schools of art and dancing, may be organized for profit and incorporated as any other business. In our opinion, such a school would not be a non-profit corporation nor an educational institution as that term is used in H.B. 592.

## S U M M A R Y

The term "non-profit corporation" as used in H.B. 592 is not limited to those non-profit corporations which are organized for charitable, religious and educational purposes. Said term includes those corporations which are governed by the Non-Profit Corporation Act and those corporations which are organized under specific statutes which designate them as "non-profit" corporations. Schools incorporated and organized for profit would not be an "educational corporation" within the meaning of H.B. 592.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

RALPH R. RASH
Assistant Attorney General

RRR:ss

-2353-

APPROVED BY:
OPINION COMMITTEE

W. O. Shultz, Chairman
Paul Phy
Robert Lemens
Ivan Williams
Roger Tyler

APPROVED FOR THE ATTORNEY GENERAL
By:  T. B. WRIGHT